

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 5/5/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JASON ZAWADZKI<br>A.K.A. JASON ZAWADSKI<br>REGISTER NO. 23034-038 | DOCKET NO. 11-CV-259 |
| VERSUS | JUDGE DEE D. DRELL |
| W. A. SHERROD, WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se Petitioner Jason Zawadzki filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on February 7, 2011. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) incarcerated at the United States Penitentiary in Pollock, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner claims that his Timberland boots were negligently and unlawfully confiscated and/or lost by the defendants. He seeks $1,500 for the value of the boots and mental anguish. [Doc. #1]

### *Law and Analysis*

Section 2241 of Title 28 of the United States Code is the general habeas corpus statute. It provides jurisdiction over petitions alleging that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for a writ of habeas corpus under

§2241 may be used to challenge the manner in which a sentence is executed. See Reyes-Requena v. United States, 243 F.3d 893, 877-88, 900-01 (5th Cir. 2001) Habeas relief under section 2241 may also be appropriate when the remedy provided under section 2255 is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001).

In this case, Petitioner does not challenge the manner in which his sentence is being executed, and he does not allege that 2255 is inadequate or ineffective. He seeks damages for a pair of boots. Also, it should be noted that Petitioner filed an administrative tort claim under 31 U.S.C. §3723, for which there is no judicial review.

In conclusion, it is clear that Plaintiff fails to state a claim under 28 U.S.C. § 2241 for which relief can be granted.

Therefore,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual**

2

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 4th day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE